■ In the Matter of BERNARD DEUTSCH et al., a Partnership Doing Business under the Name of DEUTSCH AND SEGAL ELECTRICAL COMPANY, Petitioners, v. MARTIN P. CATHERWOOD, as Industrial Commissioner of the State of New York, Respondent.— Determination of respondent Industrial Commissioner of the State of New York, entered on October 9, 1968, unanimously annulled, on the law, without costs and without disbursements, and the matter remanded to the Industrial Commissioner for further proceedings in accordance with this memorandum. In this article 78 proceeding to review the determination of the Industrial Commissioner, this court previously annulled the determination (37 A D 2d 399) but the Court of Appeals on February 16, 1973 [31 N Y 2d 487] modified the order of this court and remitted the matter to this court for further proceedings in accordance with the opinion in the Court of Appeals. We have again reviewed the record in this proceeding and conclude that the determination of the Industrial Commissioner must be annulled on the law, without costs, and the matter remanded to the Industrial Commissioner for further proceedings. As we said at 37 A D 2d 399, 401: "The record before us is incomplete — it omits, among other things, the very determination that is attacked. Of the eight employees who are said to have made complaints, only five testified. The determination, to the extent that it favored the remaining three employees, had the effect of depriving the petitioners of their right of cross-examination. (Cf. *Matter of Erdman* v. *Ingraham*, 28 A D 2d 5 [1st Dept., 1967].) There is no evidence in the record by which it could be determined what work each employee actually performed so as to fix the appropriate wage rate pursuant to subdivision 3 of section 220 of the Labor Law. And with respect to those employees that did testify, as above indicated, the lack of any foundation or definition of the labels that they attached to the work they performed renders their testimony wholly inadequate to predicate a valid determination by the Commissioner." Since no further material has been submitted to us since the remand of the Court of Appeals, we must make our determination on the papers already before us. Consequently, in order to cure the deficiencies that we previously perceived and in accordance with the directive of the Court of Appeals, the determination must be annulled and the matter remanded to the Industrial Commissioner who should reopen the hearing and entertain proof of the nature of the hiring of the complaining employees and the work actually performed by them. Upon such a supplemented record, the Industrial Commissioner may make new findings and conclusions that can be incorporated in further review proceedings, if any. Concur — Markewich, J. P., Nunez, Kupferman, Murphy and Tilzer, JJ.